**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Aguilar, ) | No. CV 08-0319-PHX-JAT |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Dora B. Schriro; et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| _____ ) | |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus. On January 22, 2009, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R), in which the Judge recommended that the Petition be denied. Petitioner timely filed objections to the R&R and Respondents filed a response to the objections.

**I.    Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall

make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998).

As discussed above, Petitioner filed objections to the R&R. This Court will review the portions of the R&R to which Petitioner objected de novo.

**II.  Background**

In the R&R, the Magistrate Judge made the following factual findings. Petitioner pled guilty in Maricopa county superior court. Petitioner now seeks to return to superior court for trial on the theory that his counsel was ineffective in his plea process. Petitioner raised his claim of ineffective assistance of counsel in his petition for post-conviction relief. Neither party has objected to these findings, and this Court accepts and adopts them.

**III.  Ineffective Assistance of Counsel**

As the Magistrate Judge correctly recited in the R&R, to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness and that but for counsel's unreasonable performance, the result of the proceeding would have been different. R&R at 4 (citing *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). In the context of a plea agreement, Petitioner

---

[1] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

"must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In this case, Petitioner claims his counsel was ineffective in three ways: 1) counsel failed to advise Petitioner that the state would play a recording of Petitioner's phone calls while in custody at sentencing; 2) counsel failed to explain some of the terms of the plea to Petitioner; and 3) counsel improperly induced Petitioner to enter into the plea.

**A.  Claim 1**

As to Plaintiff's first theory of ineffective assistance of counsel, in the R&R, the Magistrate Judge concluded that the state court's decision was not contrary to nor an unreasonable application of federal law, nor an unreasonable determination of the facts, for two reasons. First, Petitioner has offered no evidence that his counsel knew that the state intended to play the phone calls at sentencing, so counsel could not have been ineffective for failing to tell Petitioner about this before Petitioner entered his plea. Second, even if counsel did have this knowledge, Petitioner has failed to show that had counsel advised him of this fact, the result of his case would have been different; particularly considering the Petitioner knew the calls were being recorded. R&R at 4-6.

Petitioner objects arguing that this Court cannot know what his counsel knew and when he knew it because the state court did not conduct an evidentiary hearing. Objections at 3. Thus, Petitioner argues that the state court's decision was unreasonable. This Court agrees with the state court's decision that Petitioner has not presented a colorable claim justifying an evidentiary hearing because Petitioner has not shown that his advance knowledge of the potential for the playing of the tapes at sentencing would have changed Petitioner's decision to enter into a plea or the ultimate sentence. *See* R&R at 5 (quoting the state court's decision). Thus, Petitioner cannot show prejudice under *Strickland* and relief on this claim will be denied.

**B.  Claim 2**

Petitioner next claims that his counsel was ineffective for failing to explain certain legal language in the plea agreement to him. In the R&R, the Magistrate Judge concludes

- 3 -

1 that the state court's decision to deny relief was not contrary to, nor an unreasonable 2 application of federal law, nor an unreasonable determination of the facts. Specifically, 3 Petitioner's argument that he did not understand he was waiving jury fact-finding of 4 aggravators is belied by the fact that in his plea colloquy he said he understood and was 5 choosing to waive jury fact-finding. R&R at 6-7 (quoting state court decision).

6 In his Objections, Petitioner argues that the judge's explanation in the colloquy was 7 inadequate because he used the same words to describe the issue as his attorney used, and 8 the same language as the plea agreement. Objections at 5. The Court said,

> Finally, <u>do you understand</u> by entering into these pleas, you're giving up your right to a jury trial; instead, consenting to judicial fact finding for any aggravated circumstances that the Court would find and the full range of sentences allowed by law.

12 R&R at 6-7 (emphasis added). Petitioner responded, "Yes, Your Honor." *Id.* at 7.

13 Petitioner's contention that he did not understand is absolutely contradicted by the 14 record. Accordingly, the Court finds neither deficient performance nor prejudice on the 15 ineffective assistance of counsel claim, and accepts the Magistrate Judge's recommendation 16 that the state court's decision in this regard was neither contrary to nor an unreasonable 17 application of federal law, nor an unreasonable determination of the facts. Further, as to 18 Petitioner's request for an evidentiary hearing in federal court, no evidentiary hearing is 19 necessary when the Court "is able to determine without a hearing that the allegations are 20 without credibility ... ." *United States v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991). 21 The Court finds Petitioner's arguments are not credible and will not hold an evidentiary 22 hearing. Relief on this claim will be denied.

23 **C.   Claim 3**

24 Similar to claim 2, the Magistrate Judge found that the state court's decision on claim 25 3 was not contrary to nor an unreasonable application of federal law, nor an unreasonable 26 determination of the facts because Petitioner's argument is inconsistent with his own 27 statements during his plea colloquy. Specifically, Petitioner now claims that his counsel

induced him to enter a plea by telling him he would receive a sentence at the low end of the range available in the plea agreement. R&R at 7-8.[2]

However, as the R&R quotes from the state court record, the state court judge asked Petitioner when he entered his plea if there were any promises or agreements not in the plea agreement, and Petitioner stated that there were none. R&R at 8. Therefore, this Court finds that Petitioner's claim is not credible because it is inconsistent with his own statements on the record. Accordingly, the Court finds that counsel was not ineffective and no evidentiary hearing in federal court is necessary. *See Strickland*, 466 U.S. at 687-90 and *Navarro-Garcia*, 926 F.2d at 822. Thus, relief on this claim will also be denied.

**IV.   Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. #12) is accepted and adopted; the Objections (Doc. #15) are overruled; the Petition is denied with prejudice and the Clerk of the Court shall enter judgment accordingly.

DATED this 7th day of April, 2009.

_____
James A. Teilborg
United States District Judge

---

[2] The state court judge sentenced Petitioner to a term that was at the mid-range of the plea agreement. R&R at 8.